UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH LAMONT GALLOWAY-BEY | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:19-cv-00320-TRM-SKL |
| | ) |
| STATE OF TENNESSEE, *et al*., | ) |
| | ) |
| *Defendants*. | ) |

**REPORT AND RECOMMENDATION**

This case is filed pro se and without payment of filing fees by Kenneth L. Galloway-Bey ("Plaintiff"). Currently before the Court is Plaintiff's motion and application to proceed *in forma pauperis* ("IFP Application") [Doc. 2]. For the reasons stated below, I **RECOMMEND** this case be dismissed pursuant to 28 U.S.C. § 1915(e), and the pending IFP Application [Doc. 2] be terminated as moot with no filing fee assessed.

**I.    STANDARDS**

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs seeking *in forma pauperis* status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted).

A frivolous claim under 28 U.S.C. § 1915(e)(2)(B)(i) is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such claims are described

as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327-28.

The standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). A complaint filed pro se "must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." *Reid v. Stanley*, No. 1:11-CV-2043, 2011 WL 6371793, at *6 (N.D. Ohio Dec. 20, 2011) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In order to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

2

than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

## II.   ANALYSIS

Although most of Plaintiff's complaint is incoherent, he does assert:

> On 10/8/2019, Ms. Cleopatra McElroy was using my vessel to travel to work. App[r]ox 10:58 pm, Officer D. Boyd, OF THE EASTRIDGE POLICE DEPT, stopped Ms. McElroy and sighted [sic] her for a blown tail light and Responsibility Law. He noticed my Private Cultural and Religious Plates on my vessel and proceeded to make Discriminating and Prejudice remarks about my Religion and removed my Private Religious Plates from my vessel displaying Extreme Prejudice. (THEFT OF PROPERTY). He searched my vessel. ILLEGAL SEARCH AND SEIZURE.
>
> On 10/9/2019 I went to the EAST RIDGE POLICE DEPARTMENT to retrieve my RELIGIOUS PLATES and was denied access to my Priv[a]te Property. They refused to look at the documents I had concerni[n]g the Plates. I filed a Civil Complaint with the EASTRIDGE POLICE DEPARTMENT and left the property.
>
> THE EASTRIDGE POLICE DEPARTMENT along with OCF. D. Boyd has VIOLATED FEDERAL AND INTERNATIONAL LAW.

[Doc. 1 at Page ID # 1].

If these allegations are construed broadly, Plaintiff appears to be attempting to assert a claim under 42 U.S.C. § 1983 against Officer Boyd in his official capacity, the State of Tennessee, and the East Ridge Police Department.[1]  In order to state a claim under 42 U.S.C. § 1983, a plaintiff

---

[1] Plaintiff does not identify the basis for federal court jurisdiction. Jurisdiction under 28 U.S.C. § 1332 is not present, as the parties are clearly not diverse. Plaintiff does not assert the violation of

must establish they were deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff seems to be attempting to assert claims under the Fourth and Fourteenth Amendments to the United States Constitution, based on Officer Boyd's seizure of the "Religious Plates," and the retention of the plates by officers at the East Ridge Police Department. These claims should be dismissed. Under Tennessee Code Annotated § 55-2-108, "fictitious" license plates are subject to confiscation by the Tennessee Department of Revenue. Also, § 55-5-115 prohibits the use of any license plate "not issued for that vehicle or not otherwise lawfully thereon." Plaintiff does not allege any facts suggesting his plates were lawfully issued as registration for his vehicle. Indeed, although it is largely incomprehensible, his complaint appears to reject any state governmental authority to regulate the issuance or use of license plates.

"Once there is a lawful seizure of property, the continued unlawful retention of that property is analyzed under the Due Process Clause" of the Fourteenth Amendment. *Streater v. Cox*, 336 F. App'x 470, 477 (6th Cir. 2009) (citation omitted). "Plaintiffs bringing a due process claim must assert that either (1) they were deprived of property as the result of an established state procedure that violates due process, or (2) the defendants deprived them of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate

---

any particular federal law, but he asserts that Officer Boyd conducted an "illegal search and seizure" [Doc. 1] which suggests this is a civil rights action. To the extent Plaintiff is attempting to assert jurisdiction based on the alleged violations of the Treaty of Peace and Friendship [*see id.* at Page ID # 2-3], this treaty "does not provide grounds for private parties to file civil actions." *Bey v. Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011).

4

for the loss." *Id.* (citing *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991)). Plaintiff has failed to allege either an established state procedure or a lack of available state remedies.

I acknowledge caselaw in the Sixth Circuit holds that, "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Lucas v. Chalk*, No. 18-6272, 2019 WL 3889720, at *3 (6th Cir. Aug. 19, 2019) (quotation marks omitted) (alteration in original) (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)). Here, however, even liberally construed—by going so far as to define the constitutional rights allegedly violated—the complaint fails to sufficiently plead federal constitutional claims.

Moreover, there are alternative bases for the dismissal of Plaintiff's claims against the East Ridge Police Department, the State of Tennessee,[2] and Plaintiff's official-capacity claims against Officer Boyd. For example, Plaintiff's complaint describes the actions of individual police officers relating to the alleged confiscation and retention of his plates. As he does not allege the existence of any official policy, rule or custom that caused him harm (or any facts that would imply the existence of such), he fails to state a claim against the East Ridge Police Department. *See Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 541 (6th Cir. May 22, 2018) (holding that a municipal government can only be liable for the acts of its officials under § 1983 where the allegedly unconstitutional act "'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated' . . . , or where the deprivation results from governmental 'custom.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978))).

The same is true for any claims asserted against Officer Boyd in his official capacity. *Key*

---

[2] Whether Plaintiff intends to assert claims against the State of Tennessee is not clear. Plaintiff seems to identify the State as a "Respondent," but as far as I can tell, he does not assert any claims against or seek any relief from the State.

5

*v. Tennessee*, No. 3 09 0879, 3:09mc0153, 2009 WL 3008081 at \*4 (M.D. Tenn. Sept. 21, 2009) ("'A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity' of which the official is an agent." (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)) (other citation omitted)).

To the extent Plaintiff is suing the State of Tennessee, his claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity. *See Oshop v. Tenn. Dep't of Children's Servs.*, No. 3:09-CV-0063, 2009 WL 1651479, at \*2-4 (M.D. Tenn. June 10, 2009) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)) (sovereign immunity not waived by § 1983 or Tennessee Government Tort Liability Act as to state, state agencies, and state officials); *see also Dubuc v. Mich. Bd. of Law Exam.*, 342 F.3d 610, 615 (6th Cir. 2003) ("In addition to the states themselves, the Eleventh Amendment immunizes departments and agencies of the states.").

### III. CONCLUSION

For these reasons, I **RECOMMEND**[3] this action be dismissed, and the pending IFP Application [Doc. 2] be terminated as moot.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).